MAZE, JUDGE:
Douglas R. Hall appeals from an order of the Perry Circuit Court revoking his probation and sentencing him to his remaining three-year term. Hall argues that the trial court failed to make the required findings to revoke his probation, and that its decision to revoke his probation amounted to an abuse of discretion. We conclude that the trial court made sufficient findings which were supported by substantial evidence. Hence, we affirm.
The relevant facts of this action are not in dispute. On December 13, 2007, Hall entered a guilty plea to the charges of second-degree criminal possession of a forged instrument, theft by deception under $300, and fraudulent use of credit cards over $100 within a six-month period. The court sentenced Hall to five years on each count, with two years on each count to serve and the remaining three years probated for five years or until restitution was paid. The court further specified that the terms would run concurrently with each other.
Hall was paroled on May 12, 2008. In 2009, the trial court issued a probation violation warrant due to Hall's failure to make restitution payments and his failure to appear in court. The court ultimately ordered Hall to serve ninety days in jail *580 for the violation. Thereafter, in October 2009, Hall failed to complete a drug test and then absconded to Florida. On December 9, 2009, the trial court entered an order finding Hall in contempt for failure to comply with orders of the court.
Hall was picked up in Florida on July 24, 2016, and was returned to Kentucky. After serving time as a state inmate, Hall was released on probation on December 1, 2016. The terms of his release required Hall to pay $50 per month toward the outstanding restitution. Hall was granted permission to travel to Florida in late January of 2017.
Upon his return from Florida, Hall admitted to his probation officer that he had used numerous controlled substances. He also tested positive for cocaine. At the probation revocation hearing on March 1, 2017, the court found that Hall had violated probation based by testing positive for controlled substances. The court also noted that, while Hall had made restitution payments since his release, he had made no payments since his most-recent trip to Florida. The trial court ordered Hall's probation extended for a period of three years and ordered him to attend a long-term treatment facility.
On March 30, 2017, Hall again appeared in court for another probation violation hearing. Hall's attorney advised the court that Hall refused to attend the long-term treatment program. Counsel further advised that, given the options attending treatment or revocation, Hall preferred revocation. Based on Hall's admitted violations and his refusal to comply with the conditions of his supervision, the trial court revoked his probation and ordered him to serve out his remaining three-year sentence. The trial court also ordered Hall to pay the remaining balance of his restitution within ninety days of his release. Hall now appeals from this order.
We review a trial court's decision to revoke probation for an abuse of discretion. Tiryung v. Commonwealth , 717 S.W.2d 503, 504 (Ky. App. 1986). To amount to an abuse of discretion, the trial court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Clark v. Commonwealth , 223 S.W.3d 90, 95 (Ky. 2007) (citing Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999) ). Absent a "flagrant miscarriage of justice," the trial court will be affirmed. Gross v. Commonwealth , 648 S.W.2d 853, 858 (Ky. 1983).
On appeal, Hall contends that the trial court failed to make sufficient findings as required by KRS[1] 439.3106. The Kentucky Supreme Court interpreted the statute's requirements in Commonwealth v. Andrews , 448 S.W.3d 773 (Ky. 2014). The Court emphasized that "[w]ithout question, the power to revoke probation is vested in the trial courts and in the trial courts alone." Id. at 777. However, the Court went on to hold that KRS 439.3106"requires as conditions precedent to revocation that the probationer's failure to comply with the terms of probation constitutes 'a significant risk to [his] prior victims ... or the community at large,' and that the probationer 'cannot be appropriately managed in the community.' " Id. Hall contends that the trial court's order does not explicitly reference the statutory findings, and that Commonwealth presented insufficient evidence to support a conclusion that revocation was necessary or appropriate.
While the trial court's order does not precisely parallel the language of KRS 439.3106, we conclude that the trial court's *581 order sets out the findings required by the statute. The trial court expressly stated
Having given due consideration to the nature and circumstances of the crime, as well as the history, character, and condition of the Defendant, and any matters presented to the Court by the Defendant and his counsel, and considering the likely impact of a potential sentence on the reduction of the Defendant's potential future criminal behavior, and the Court having found that the Defendant constitutes a significant risk to the community at large and cannot be appropriately managed in the community, this Court finds that imprisonment is necessary for protection of the public because the Defendant is in need of correctional treatment that can be provided most effectively by the Defendant's commitment to a correctional institution, and that probation with an alternative sentencing plan or conditional discharge would unduly depreciate the seriousness of the Defendant's crime.
Furthermore, we disagree with Hall that KRS 439.3106 required that the trial court consider revocation only as a last resort. In McClure v. Commonwealth , 457 S.W.3d 728 (Ky. App. 2015), this Court explained that " KRS 439.3106 permits, but does not require, a trial court to employ lesser sanctions ... [n]othing in the statute or in the Supreme Court's interpretation of it requires the trial court to impose lesser sanctions prior to revoking probation." Id. at 732. Additionally, we emphasized that a trial court should make express findings as to KRS 439.3106, but "[w]hile KRS 439.3106(1) indubitably requires entry of two vital findings of fact, it does not do so at the expense of the trial court's discretion over the broader matter of revocation." Id. at 734 (citing Andrews , 448 S.W.3d at 780 ). Lastly, we explained that in finding whether a probationer poses an unmanageable or significant risk to society, "[n]either KRS 439.3106 nor Andrews require anything more than a finding to this effect supported by the evidence of record." Id. at 733.
In the present case, Hall admitted to using controlled substances while under supervision. Even if a "single positive drug test" was insufficient to warrant revocation, Hall expressly refused to enroll in a long-term drug treatment program as directed by the court. His payment of restitution had been inconsistent even since his most-recent release. And of course, Hall absconded from supervision for nearly seven years. The Commonwealth's evidence was more than sufficient to support revocation of probation in this case. Since the trial court's findings were supported by substantial evidence, we find no abuse of discretion in revoking Hall's probation.
Accordingly, we affirm the order of the Perry Circuit Court.
ALL CONCUR.

Kentucky Revised Statutes.