RENDERED: SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000307-MR
AND
NO. 2019-CA-000308-MR

ADAM BLANTON                                                              APPELLANT


APPEALS FROM EDMONSON CIRCUIT COURT
v.        HONORABLE PHILLIP R. PATTON, SPECIAL JUDGE
ACTION NOS. 12-CR-00095 AND 15-CR-00083


COMMONWEALTH OF KENTUCKY                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE:  Adam Blanton brings these appeals from December 19, 2018, orders revoking his probation in Action No. 12-CR-00095 and Action No. 15-CR-00083.  We affirm.

In Action No. 12-CR-00095, appellant entered a guilty plea to criminal possession of a forged instrument and received pretrial diversion for a

period of five years on February 18, 2013. Thereafter, on January 25, 2016, in Action No. 15-CR-00083, appellant entered a guilty plea to second-degree burglary, third-degree assault, and theft by unlawful taking under $500. By judgment entered April 18, 2016, the circuit court sentenced appellant to ten-years' imprisonment in Action No. 15-CR-00083 to run consecutively to his five-year sentence in Action No. 12-CR-00095. The circuit court also revoked appellant's pretrial diversion in Action No. 12-CR-00095.

On January 23, 2017, the circuit court granted appellant's motions for shock probation in both cases, so he could attend an in-patient drug treatment program. Appellant was eventually discharged from the treatment program for testing positive for drugs. The Commonwealth then filed motions to revoke appellant's shock probation. By orders entered October 2, 2017, the circuit court revoked appellant's shock probation in Action Nos. 12-CR-00095 and 15-CR-00083.

Appellant then filed new motions for shock probation to obtain treatment at a different facility. By orders entered November 27, 2017, the circuit court granted the motions for shock probation.

While on shock probation, appellant was charged with violation of an emergency protective order/domestic violence order (EPO/DVO), resisting arrest, and second-degree disorderly conduct on November 15, 2018 (Action No. 18-M-

-2-

00181). And, on November 23, 2018, appellant was charged with careless driving, driving under the influence of alcohol/drugs, disorderly conduct, and refusal to submit to a urine/blood/breath test (Action No. 18-M-00185).

Because of these new charges, the Commonwealth again filed motions to revoke appellant's shock probation in Action Nos. 12-CR-00095 and 15-CR-00083. Following an evidentiary hearing, the circuit court granted the motions and revoked appellant's shock probation in Action Nos. 12-CR-00095 and 15-CR-00083 by orders entered December 19, 2018.

Appellant then filed a notice of appeal in both cases (Appeal No. 2019-CA-000307-MR in Action No. 12-CR-00095 and Appeal No. 2019-CA-000308-MR in Action No. 15-CR-00083). The Court of Appeals consolidated the appeals by order entered May 14, 2019. Thereafter, appellant filed a single brief and raised identical arguments in both appeals.

Appellant contends that the circuit court erroneously revoked his probation. Appellant believes that the circuit court failed to follow the mandates of Kentucky Revised Statutes (KRS) 439.3106(1) by not undertaking an "analysis to explain how [appellant] constituted a danger to the community and could not be appropriately managed in the community." Appellant's Brief at 8. Additionally, appellant asserts that there was a "lack of substantive evidence" presented at the hearing to support the circuit court findings that appellant constituted a danger to

the community or his victims and could not be appropriately managed in the community. In the end, appellant argues that the circuit court merely parroted the required language under KRS 439.3106(1) to justify revoking his probation.

In *Commonwealth v. Andrews*, 448 S.W.3d 773, 777-78 (Ky. 2014), the Kentucky Supreme Court held that the circuit court was mandated by KRS 439.3106(1) to find whether (a) the probationer's failure to comply with terms of probation constituted a significant risk to prior victims or the community at large, and (b) the probationer could not be appropriately managed in the community. Both findings must be made by the circuit court as "conditions precedent to revocation" of probation under KRS 439.3106(1), and substantial evidence must support these findings. *Andrews*, 448 S.W.3d at 777; *Hall v. Commonwealth*, 566 S.W.3d 578, 581 (Ky. App. 2018).

In the December 19, 2018, orders revoking shock probation, the circuit court specifically found that appellant "constitutes a significant risk to prior victims [or] the community at large, and he cannot be adequately managed in the community." These are the mandated findings under KRS 439.3106(1); thus, it is clear that the circuit court complied with the mandate of KRS 439.3106(1) to make these findings.

As to whether substantial evidence supported same, it is undisputed that appellant was on pretrial diversion in Action No. 12-CR-00095 when he

committed the criminal offenses in Action No. 15-CR-00083. It is also uncontroverted that appellant has been granted shock probation on two separate occasions by the circuit court in both Action Nos. 12-CR-00095 and 15-CR-00083. Appellant's first shock probation was revoked due to his drug activity, and the second shock probation is at issue herein.

At the revocation hearing, the Commonwealth introduced evidence that appellant was charged with numerous offenses while then on his second shock probation in both Warren County and Edmonson County – violation of an EPO/DVO, resisting arrest, second-degree disorderly conduct, careless driving, driving under the influence of alcohol/drugs, and refusal to submit to a breath/blood/urine test (Action Nos. 18-M-00181 and 18-M-00185). And, these numerous offenses were apparently committed while appellant was intoxicated.

These new offenses coupled with appellant's prior offenses indicate a pattern of criminal conduct that poses a danger to the community. Moreover, appellant has been granted pretrial diversion and shock probation, but violated the conditions of both. Appellant's criminal conduct has apparently been driven by his alcohol/drug addiction and has persisted while on diversion/shock probation. Appellant's persistent criminal conduct illustrates that he cannot be appropriately managed in the community. Consequently, we conclude that substantial evidence supports the circuit court's findings that appellant poses a significant risk to the

prior victim/community and he could not be adequately managed in the community per KRS 439.3106(1). Additionally, we point out that the circuit court is not required to offer an analysis explaining how appellant posed a danger to the community and could not be appropriately managed in the community. *McClure v. Commonwealth*, 457 S.W.3d 728, 734 (Ky. App. 2015). KRS 439.3106(1) and *Andrews*, 448 S.W.3d 773 only require findings and sufficient evidentiary support in the record to support same. We, thus, conclude that the circuit court complied with KRS 439.3106(1).

Appellant next asserts that "under KRS 439.3106(2) the appropriate punishment for the alleged violation . . . was sanctions other than revocation and imprisonment." Appellant's Brief at 12. We disagree.

KRS 439.3106 permits the circuit court to impose a lesser sanction than revocation of probation. *McClure*, 457 S.W.3d at 732. However, it does not require a lesser sanction. *Id.* The circuit court possesses discretion to determine whether to revoke probation or to impose a lesser sanction. *Andrews*, 448 S.W.3d at 779.

The record reflects that appellant has been given at least three chances to remain free from incarceration since his convictions. As hereinbefore stated, the evidence supported the circuit court's revocation of appellant's probation. As

such, the circuit court did not abuse its discretion by failing to impose a lesser sanction under KRS 439.3106(2).

Appellant also alleges that the circuit court violated due process by revoking appellant's shock probation. Appellant maintains that "[d]ue process requires that a trial court make findings as to 'the evidence relied and the reasons for revoking probation.'" Appellant's Brief at 9 (citation omitted). Appellant maintains that the circuit court "failed to identify the evidence of record that it relied on to revoke [appellant's] probation." Appellant's Brief at 11.

It is well-established that due process requires the circuit court to set forth written or oral statements identifying the reasons for probation revocation and the evidence relied upon to support same. *Commonwealth v. Alleman*, 306 S.W.3d 484, 486-88 (Ky. 2010).

In its December 19, 2018, orders, the circuit court specifically cites to appellant's new criminal charges as the reason for revoking probation. And, at the revocation hearing, the circuit court orally stated that appellant violated the terms of his probation by receiving the new charges. The circuit court cited the new charges, the arrest citations for these charges, and a report filed by Probation and Parole for evidentiary support. Considering the December 19, 2018, orders and the circuit court's oral pronouncements at the revocation hearing, we are of the opinion that the circuit court did not violate due process by revoking appellant's probation.

Accordingly, we hold that the circuit court did not improperly revoke appellant's shock probation in Action Nos. 12-CR-00095 and 15-CR-00083.

For the foregoing reasons, the orders of the Edmonson Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Lauren R. Lewis
Assistant Attorney General
Frankfort, Kentucky