RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0651-MR

MEGAN JONES          APPELLANT

v.
          APPEAL FROM BOYLE CIRCUIT COURT
          HONORABLE DARREN W. PECKLER, JUDGE
          ACTION NO. 17-CR-00389

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Megan Jones brings this appeal from an April 17, 2020, Order

of the Boyle Circuit Court revoking her probation and imposing a five-year

sentence of imprisonment. We affirm.

By order entered April 13, 2018, Jones pleaded guilty to one count of

trafficking in a controlled substance in the first degree and was placed on pretrial

diversion for a period of five years. On October 29, 2018, the Commonwealth

filed a motion to void Jones's pretrial diversion. A hearing was conducted where evidence was presented that Jones had left two drug rehabilitation facilities and had admitted to using methamphetamine, suboxone, and marijuana. The circuit court indicated that Jones's struggle with mental health issues likely contributed to her leaving the drug treatment programs. The court ultimately denied the Commonwealth's motion to void Jones's pretrial diversion by order entered February 18, 2019.

On June 24, 2019, the Commonwealth filed a second motion to void Jones's pretrial diversion. The Commonwealth claimed, *inter alia*, that Jones had repeatedly used controlled substances, had failed to pay her supervision fees, failed to complete community service, failed to report to her probation officer, and failed to complete treatment programs at drug rehabilitation facilities. Following a hearing, an order was entered on October 4, 2019, voiding Jones's pretrial diversion. By judgment and sentence of imprisonment also entered on October 4, 2019, Jones was sentenced to five-years' imprisonment. Jones was released from custody and placed on probation by order entered October 7, 2019. The October 7, 2019, order specifically provided that "[f]ailure to complete the [drug] treatment program will be a violation of her probation." October 7, 2019, Order.

On January 27, 2020, Jones's probation officer filed an affidavit setting forth the conditions of Jones's probation that she had violated. More

specifically, the affiant averred that Jones had left two additional drug treatment facilities and failed to report to her probation officer. Affiant requested that the circuit court revoke Jones's probation. Following a hearing, an Order was entered on April 17, 2020, revoking Jones's probation. Therein, the circuit court found that Jones had a long history of violating the terms of her pretrial diversion and her probation, including leaving multiple drug rehabilitation treatment facilities, using illegal substances on numerous occasions, failing to seek a substance abuse evaluation, and failing to report to her probation officer. In its April 17, 2020, Order, the circuit court ultimately determined that Jones could not be appropriately managed in the community and that her continued use of illegal substances presented a significant risk to the community at large. Consequently, the circuit court revoked Jones's probation and imposed the five-year sentence of imprisonment. This appeal follows.

Jones contends the circuit court erred by revoking her probation and sentencing her to five-years' imprisonment. Jones argues that the circuit court improperly determined she was a danger to the community at large and that she could not be appropriately managed in the community. And, Jones asserts the circuit court abused its discretion by revoking her probation and sentencing her to five-years' imprisonment.

Kentucky Revised Statutes (KRS) 439.3106 sets forth the criteria for probation revocation and the sanctions supervised individuals are subject to upon violating the terms of probation.  KRS 439.3106(1) provides as follows:

> (1) Supervised individuals shall be subject to:
>
>> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>>
>> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

In *Commonwealth v. Andrews*, 448 S.W.3d 773, 777-78 (Ky. 2014), the Kentucky Supreme Court held that KRS 439.3106(1) requires a circuit court to find that (a) a probationer's failure to comply with terms of probation constituted a significant risk to prior victims or the community at large, and (b) a probationer could not be appropriately managed in the community.  These findings by the circuit court are "conditions precedent" to probation revocation pursuant to KRS 439.3106(1), and substantial evidence must support these findings.  *Andrews*, 448 S.W.3d at 777; *see also Hall v. Commonwealth*, 566 S.W.3d 578, 581 (Ky. App. 2018).  A circuit

-4-

court's decision to revoke probation is reviewed for an abuse of discretion. *Andrews*, 448 S.W.3d at 780. An abuse of discretion occurs where the trial court's "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation omitted).

In this case, the circuit court found that Jones's "repeated violations are evidence that she cannot be appropriately managed in the community. Her ongoing use of illegal substances throughout this case, presents a significant risk to the community at large." April 17, 2020, Order at 2. These findings were supported by evidence of a probative value. It was uncontroverted that Jones failed to complete treatment at four drug rehabilitation treatment facilities, used illegal substances on numerous occasions, failed to obtain a substance abuse evaluation, and did not report to her probation officer on several occasions. The court noted that it previously issued other less severe sanctions, but Jones repeatedly failed to comply with the terms of her pretrial diversion and her probation. The court further noted that it had exhausted all other available remedies. Thus, the circuit court made the requisite findings required by KRS 439.3106, and such findings were supported by substantial evidence. As the circuit court's decision was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles, we simply do not believe the court abused its discretion by revoking Jones's probation and sentencing her to five-years' incarceration.

For the foregoing reasons, the Order of the Boyle Circuit Court is affirmed.

GOODWINE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky