RENDERED: SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1022-MR

JAMES TYLER CORNISH                             APPELLANT

|  |  |  |
|---|---|---|
| v. | APPEAL FROM BELL CIRCUIT COURT<br>HONORABLE ROBERT V. COSTANZO, JUDGE<br>ACTION NO. 19-CR-00238 | |

COMMONWEALTH OF KENTUCKY                       APPELLEE

AND

NO. 2021-CA-1023-MR

JAMES TYLER CORNISH                             APPELLANT

|  |  |  |
|---|---|---|
| v. | APPEAL FROM BELL CIRCUIT COURT<br>HONORABLE ROBERT V. COSTANZO, JUDGE<br>ACTION NO. 19-CR-00515 | |

COMMONWEALTH OF KENTUCKY                       APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE:  Appellant, James Cornish, appeals the Bell Circuit Court's

August 10, 2021 order revoking probation.  Finding no error, we affirm.

Cornish brought two appeals which this Court consolidated for

review.  In No. 2019-CR-00238, a grand jury indicted Appellant on one count of

theft by unlawful taking or disposition/auto under $10,000, and in No. 2019-CR-

00515, a grand jury indicted Appellant with one count of receiving stolen property

under $10,000 and one count of persistent felony offender in the first degree.  The

facts of these underlying charges are irrelevant to this appeal.  On March 30, 2021,

Appellant pleaded guilty to the charges brought forth in both indictments.

Two months passed after Cornish's guilty plea before the court

sentenced Appellant because he failed to appear, either electronically via Zoom or

in person before the court, at least six times.  His sentence on each conviction was

five years, to run concurrently, but the trial court probated both sentences.

As a part of his probation, the court required Appellant to report to his

parole officer, Sydney Stewart, on May 27, 2021 – six days after sentencing.

Appellant failed to appear that day, prompting Stewart and another parole officer

to conduct a home visit.  During this visit, the parole officers discovered

Appellant's home address was an uninhabitable property that had burned down. When confronted about this, Appellant said he was homeless and gave the address because he thought he had to. However, this event set off a series of events culminating in Stewart filing a violation-of-supervision report.

After falsifying his place of residence, Appellant asked to transfer his parole to Missouri, which Stewart said she would attempt to do but Appellant had to stay in daily contact. Appellant did not comply. Instead, he purchased a bus ticket to Missouri and, a week after doing so, contacted Stewart about his requested transfer. Stewart told him his transfer was not approved and told him to report the next day. He did not report, and Appellant stopped all communication with Stewart. Thereafter, a probation-violation warrant was issued against Appellant for absconding.

On July 1, 2021, law enforcement arrested Appellant on the probation-violation warrant. At his arrest, law enforcement found Appellant in possession of two used syringes. The court scheduled Appellant's probation revocation hearing for August 2, 2021, and heard the facts mentioned above in the form of testimony from Parole Officer Stewart.

At the hearing, Appellant testified. He told the court he had a bed available at Redemption Road, and prior to being arrested, Appellant lived with

someone named Sereda. However, based on the numerous times Appellant failed to cooperate, the circuit court revoked Appellant's parole. This appeal follows.

When reviewing a circuit court's decision to revoke a parolee's probation, we review for abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009)). Accordingly, this Court "will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Andrews*, 448 S.W.3d at 780 (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

"Without question, the power to revoke probation is vested in the trial courts and in the trial courts alone." *Andrews*, 448 S.W.3d at 777. However, when exercising this power, revocation of parole must comply with KRS[1] 439.3106. Under this statute:

> (1) Supervised individuals shall be subject to:
>
> > (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
> >
> > (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and

---

[1] Kentucky Revised Statutes.

-4-

the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1). Relevant here, when revoking parole, a circuit court must make findings that a probationer poses a significant risk to prior victims, or the community, and the probationer cannot be appropriately managed in the community pursuant to KRS 439.3106(1)(a). *Andrews*, 448 S.W.3d at 780.

When making these findings, "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). Rather, "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Id.* When we undertake appellate review, we must "look to both the written and oral findings in conjunction with one another and not separately in a vacuum." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019).

While the circuit court's written order is thin on analysis, it demonstrates more than a perfunctory recitation of the statutory requirements in KRS 439.3106. The record is clear Appellant violated the terms of his probation, and his behavior falls well within requisite behaviors for revoking probation contemplated by KRS 439.3106. Namely, Appellant failed to report to his parole officer and failed to take any meaningful steps to comply with the terms of his

parole. Further, when law enforcement executed the probation-violation warrant against Appellant, law enforcement found him in possession of two used syringes. In its written order, the circuit court stated:

> The Court has considered the requirements of KRS 439.3106(1) and FINDS that the Defendant's failure to abide by the conditions of probation constitutes a significant risk to the community and that the Defendant cannot be managed in the community. Further, the Court FINDS that there is a substantial risk that the Defendant will commit another violation during any extended period of probation, that the Defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional institution, and that further probation would unduly depreciate the seriousness of the Defendant's crime.

(Record at 82.)

In *Hall v. Commonwealth*, this Court affirmed a probationer's revocation of parole where a circuit court used language similar to that employed by the Bell Circuit Court to revoke parole in the case *sub judice*. 566 S.W.3d 578, 581 (Ky. App. 2018). In *Hall*, a court granted Hall probation from a three-year sentence, and as part of his conditions on parole, Hall had to make restitution payments, refrain from using illegal substances, and regularly report to his parole officer. *Id.* at 580. Hall failed to fulfill each condition and even absconded from the state. *Id.* The circuit court revoked parole, stating:

> Having given due consideration to the nature and circumstances of the crime, as well as the history, character, and condition of the Defendant, and any matters

-6-

presented to the Court by the Defendant and his counsel, and considering the likely impact of a potential sentence on the reduction of the Defendant's potential future criminal behavior, and the Court having found that the Defendant constitutes a significant risk to the community at large and cannot be appropriately managed in the community, this Court finds that imprisonment is necessary for protection of the public because the Defendant is in need of correctional treatment that can be provided most effectively by the Defendant's commitment to a correctional institution, and that probation with an alternative sentencing plan or conditional discharge would unduly depreciate the seriousness of the Defendant's crime.

*Id.* at 581. Hall challenged this as too perfunctory to survive scrutiny under KRS 439.3106. We disagreed and affirmed the parole revocation. *Id.*

Not only does the language here parallel the language the court used in *Hall*, but also Hall's failure to cooperate with his terms of parole mirrors Appellant's failure to cooperate with the conditions of his parole. Neither properly reported to their parole officer, and both failed to maintain contact with their respective parole officers. We find no substantive distinctions between this case and *Hall*.

The Bell Circuit Court did not abuse its discretion when it revoked Appellant's parole. Therefore, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky