RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0791-MR

TRAVIS LAY                                                                 APPELLANT

v.          APPEAL FROM LAWRENCE CIRCUIT COURT
            HONORABLE JOHN DAVID PRESTON, JUDGE
            ACTION NO. 19-CR-00048

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Travis Lay appeals from the Lawrence Circuit Court's order
revoking his probation and imposing the underlying sentence of ten years'
imprisonment. We affirm.

        The circuit court's order, dated May 28, 2021 (and entered into the
record on June 2, 2021), contains the facts and procedural history of this case, and
we repeat that recitation here:

The Commonwealth called as its only Witness Billy Slone, the Probation & Parole Officer. He testified the defendant was advised of the conditions of probation on or about September 16, 2019. Prior to that time, but after a judgment granting probation was entered, the defendant was charged in a misdemeanor case for misdemeanor theft, that occurring on August 25, 2019. Two days later, he was indicted in case 19-CR-00139 for theft, burglary, and persistent felony offender. On September 18, 2019, he signed an admission for the use of suboxone without a prescription. He was scheduled to see a clinician in October, 2019, but missed that appointment and missed another appointment in September 2019. On 10-24-2019 he admitted the use of suboxone and was arrested on an indictment warrant. On 10-25-2019, he pleaded guilty to the misdemeanor charge and was sentenced to ninety days in jail, to serve thirty days. He was released from jail on January 23, 2020, and was told to report to Probation and Parole. He failed to report and never made any contact with the Probation and Parole. On 1-31-2020 he was arrested by the Ashland Police Department on a felony case for third degree burglary. He signed at or near that time an admission form for using methamphetamines. He was convicted on the felony charge in Boyd County on July 13, 2020, and sentenced to one year, but his sentence was commuted by the Governor. He was released from custody in September 2020 and was requested to make contact with Probation and Parole but did not do so. The homeowner where the defendant was supposed to be residing made contact with Probation and Parole on 10-7-2020 to state that the defendant had left the home and he did not know his whereabouts. The Probation and Parole Officer was of the opinion the defendant could not be supervised in the community as a whole and that he was a danger to himself and others. He testified that the defendant had not complied in any regard with the requirements of Probation and Parole.

A review of the record indicates the defendant was rearraigned on the charges in this case on July 2, 2019. He was released on personal recognizance on July 3, 2019. A warrant was issued for his arrest on July 23rd for failure to report for an office visit on July 2, 2019, and July 16, 2019. On August 12, 2019, the defendant was sentenced to five years for third degree burglary, and that was enhanced to ten years for a second-degree persistent felony offender charge. That was probated for a period of five years at supervised probation.

A review of the defendant's pre-sentence investigation report reveals that he was sentenced to one year for possession of controlled substance on 3-26-2017. He was sentenced on another count of possession of controlled substance first degree, on 4-21-2017, and on 7-26-17 was sentenced to 18 months for possession of controlled substance and second-degree escape, as well as a number of misdemeanor counts.

On appeal, Lay argues that the circuit court erred in failing to follow the dictates of Kentucky Revised Statute (KRS) 439.3106, which provides, in pertinent part:

(1) Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the

> severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

We are given further guidance in our analysis by Kentucky case law. "A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). "Put another way, we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004)). The circuit court's "findings can be either oral or written to satisfy both KRS 439.3106(1) and the defendant's due process rights." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019) (citation omitted).

We have examined the record in its entirety, including the videotaped sessions over the course of Lay's conviction, sentencing, and probation revocation hearings. While the trial court's order may not precisely parallel the language of

KRS 439.3106, we conclude that the trial court's order sets out all findings required by the statute. *See Hall v. Commonwealth*, 566 S.W.3d 578, 580-81 (Ky. App. 2018). Here, the circuit court reasoned:

> The Court finds that the defendant has violated the terms and conditions of his probation in a number of ways. First, the defendant has been found guilty of a misdemeanor charge that occurred after probation and has been found guilty of a felony charge that occurred after probation. Secondly, the Court finds that the defendant has violated the terms and conditions of his probation by admitting the use of suboxone on 9-16-2019, and 10-22-2019, as well as an admission of using methamphetamines on 1-31-2020. The Court finds that the defendant has further violated the terms and conditions of his probation by failing to report to Probation and Parole on a number of occasions and by failing to maintain an address that could be verified by Probation and Parole and had therefore absconded.
>
> Based on these findings, the Court concludes that the defendant cannot be properly supervised in the community as a whole. The Probation and Parole Officer testified that the defendant had done almost nothing that had been required of him by Probation and Parole. For probation to be successful, a defendant must cooperate with the Department of Probation and Parole and follow their guidelines and directives. The Court finds that defendant has completely failed in his requirement of cooperating with Probation and Parole, and that failure makes it impossible for him to be properly supervised in the community as a whole.
>
> With respect to the second issue relating to probation revocation, the Court finds that the defendant clearly has a significant substance abuse issue. Prior to this case the defendant had three cases in which he was found guilty [of] felony level possession of controlled

-5-

substances. During the course of probation in this case, the defendant has admitted using illegal substances on three separate occasions. In addition, the defendant has committed two offenses for which he has been found guilty while on probation. The Court therefore finds and concludes that the defendant, because of his drug use and propensity to commit crimes, is a threat and danger to himself and to the community as a whole.

"The Commonwealth's evidence was more than sufficient to support revocation of probation in this case. Since the trial court's findings were supported by substantial evidence, we find no abuse of discretion in revoking [his] probation." *Hall*, 566 S.W.3d at 581.

We are not persuaded by Lay's additional arguments that the evidence did not support the circuit court's findings and that graduated sanctions were not considered. *Id.*; *Gilmore*, *supra*.

The circuit court committed no error in revoking Lay's probation and sentencing him consistently with his 2019 guilty plea. The judgment of the Lawrence Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy A. Durham, II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky