RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0672-MR

ALICIA THOMAS                                                           APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.        HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NOS. 23-CR-00135 AND 23-CR-00136


COMMONWEALTH OF KENTUCKY                                    APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

JONES, A., JUDGE:  Alicia Thomas appeals from the May 3, 2024 order of the
Boone Circuit Court revoking her probation and imposing a sentence of
imprisonment.  Thomas argues the circuit court abused its discretion by revoking
her probation, given the allegedly insufficient evidence and without adequately
considering alternative sanctions.  Finding no error, we affirm.

# I. BACKGROUND

On March 15, 2023, Thomas entered guilty pleas in two Boone Circuit Court cases. In Case No. 23-CR-00135, Thomas pleaded guilty to first-degree possession of a controlled substance (methamphetamine), tampering with physical evidence, possession of drug paraphernalia, and theft by unlawful taking. In Case No. 23-CR-00136, she pleaded guilty to one count of theft of identity. By judgments entered April 20, 2023, the circuit court imposed an aggregate sentence of six-years' imprisonment, which was probated for five years.

Thomas's probation conditions included, among other requirements, that she refrain from illegal drug use, comply with substance-abuse treatment, report as directed, avoid new criminal conduct, and avoid association with convicted felons. In August 2023, Thomas tested positive for methamphetamines and amphetamines during routine drug screening. Although she initially denied illegal drug use, Thomas later admitted to using these illegal substances in violation of probation conditions. She agreed to graduated sanctions through the Division of Probation and Parole, which included enhanced supervision, referral to out-patient substance-abuse treatment, and a requirement that she meet with a social-service clinician and comply with all treatment recommendations.

Despite being afforded additional treatment in the community, Thomas's compliance did not improve. In October 2023, Probation and Parole filed a violation report alleging that Thomas had absconded from supervision and failed to comply with treatment requirements. A warrant was issued for her arrest. In February 2024, a second violation report was filed alleging continued illegal drug use, a new misdemeanor charge, and association with a convicted felon.

After Thomas was taken into custody, she was provided with a written copy of the charges and appointed counsel to assist her. The circuit court conducted a probation revocation hearing that proceeded in two phases. An evidentiary hearing was held on March 14, 2024, at which the court heard testimony from Thomas and her probation and parole officer, as well as the argument of counsel. During her testimony, Thomas admitted most of the alleged violations, including absconding, continued use of illegal substances, and the new misdemeanor charge. At Thomas's request, disposition was continued to allow her to pursue admission into drug court.

The disposition phase of the revocation hearing was held on April 25, 2024. After Thomas was denied entry into drug court and failed to present any viable alternative treatment option, the circuit court revoked her probation. In its written order entered May 3, 2024, the circuit court found that Thomas violated the conditions of her probation by using controlled substances, absconding from

supervision, committing a new misdemeanor offense, and associating with a convicted felon. After the court found that Thomas posed a significant risk to the community and could not be appropriately managed in the community, it revoked her probation, imposing a three-year term of imprisonment. This appeal followed.

## II. ANALYSIS

"The conditions of probation and conditional discharge shall be such as the court, in its discretion, deems reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist him or her to do [so]." KRS[1] 533.030(1). Before the expiration of a defendant's probation, "[t]he court may summon the defendant to appear before it or may issue a warrant for his arrest upon a finding of probable cause to believe that he has failed to comply with a condition of the sentence[.]" KRS 533.050(1)(a). A defendant charged with a probation violation is entitled to written notice of the grounds for revocation or modification, representation by counsel, and a hearing on the charge. KRS 533.050(2).

Following a hearing, a defendant found to have violated probation is subject to "two possible outcomes: revocation and possible incarceration, KRS 439.3106(1), or the imposition of sanctions 'other than revocation,' KRS 439.3106(2)." *Commonwealth v. Andrews*, 448 S.W.3d 773, 777 (Ky. 2014).

---

[1] Kentucky Revised Statutes.

"[I]ncarceration for failure to comply with the conditions of supervision" is an available option when the defendant's "noncompliance constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]" KRS 439.3106(1)(a). Proper considerations in making these determinations include, but are not limited to, the nature of the violation and the defendant's prior criminal history. *Andrews*, 448 S.W.3d at 780-81.

We review a trial court's probation revocation decision under the deferential abuse-of-discretion standard. *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009); *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023). As applied in the context of probation revocation, "we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004)).

Thomas argues that the circuit court violated her due-process rights by revoking her probation without first conducting an evidentiary hearing. This assertion is belied by the record. The circuit court conducted the probation revocation hearing in two phases. The evidentiary phase occurred on March 14, 2024, during which the court heard testimony from Thomas and her probation and

parole officer, as well as the argument of counsel. During her testimony, Thomas admitted multiple violations of the conditions of her probation, including absconding from supervision, continued use of illegal substances, and the commission of a new misdemeanor offense. At Thomas's request, the circuit court continued the matter to allow her to pursue admission into drug court. After Thomas was determined ineligible, the court conducted the disposition phase of the revocation hearing on April 25, 2024.

Although probation revocation hearings are often conducted as a single proceeding, nothing prohibits a circuit court from separating the evidentiary and dispositional phases. Here, the evidentiary record supporting revocation was fully developed during the March 14 hearing, and the disposition was delayed at Thomas's request. Accordingly, Thomas's assertion that her probation was revoked without an evidentiary hearing is without merit.

The record further reflects that Thomas was afforded additional opportunities for treatment in the community following her first probation violation, which occurred only months after supervision began. After testing positive for methamphetamines and amphetamines, Thomas initially denied illegal drug use but later admitted to having used these substances and agreed to graduated sanctions, including referral to substance-abuse treatment and engagement with a social-service clinician. Rather than avail herself of these

services, Thomas continued to use illegal substances and ultimately absconded from supervision during which time she committed a new charged offense.

As this Court has recognized, "[a] defendant who will not cooperate with the conditions of her supervision may indeed constitute a significant risk to the community at large and be unmanageable in the community." *Compise v. Commonwealth*, 597 S.W.3d 175, 178 (Ky. App. 2020). *See also Kendrick*, 664 S.W.3d at 735; *New v. Commonwealth*, 598 S.W.3d 88, 90-91 (Ky. App. 2019). The evidence, including Thomas's own admissions, supported the circuit court's determination that she violated the conditions of her probation, and her repeated violations supported the conclusion that she was a danger to and could not be managed appropriately in the community. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019).

In her reply brief, Thomas asserts that the circuit court should have permitted her to testify at the April 25 hearing to challenge the drug-court decision and, by extension, the revocation of her probation. Whether Thomas was an appropriate candidate for drug court is a legal and policy determination, and additional testimony from Thomas would not have altered that determination. Drug court eligibility depends on objective statutory criteria and program capacity, not on a defendant's subjective desire to participate or personal assurances of future compliance. Moreover, even if Thomas had qualified for drug court or a

long-term drug treatment program had been available, the circuit court was not required to impose those or any other lesser sanctions. *McClure*, 457 S.W.3d at 732; *Kendrick*, 664 S.W.3d at 736; *Hall v. Commonwealth*, 566 S.W.3d 578, 581 (Ky. App. 2018).

## III. CONCLUSION

In conclusion, we hold that the circuit court's decision to revoke Thomas's probation was supported by the evidence and well within the range of permissible decisions allowed by a correct application of the facts to the law. Therefore, we affirm the Boone Circuit Court's order revoking Alicia Thomas's probation.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky