**COMMONWEALTH of Kentucky, Appellant**

v.

**Tommy LOPEZ, Appellee.**

No. 2008–SC–000308–DG.

Supreme Court of Kentucky.

Aug. 27, 2009.

Jack Conway, Attorney General of Kentucky, Heather Michelle Fryman, James Chesnut Maxson, Assistant Attorneys General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellant.

Sheldon S. Mirkin, Elizabethtown, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

## I.  INTRODUCTION.

While serving in the United States Army in Iraq, the Army charged Tommy Lopez with violating the Uniform Code of Military Justice (UCMJ) by viewing child pornography on a computer.  At that time, Lopez was also on probation imposed by a Kentucky circuit court for the offense of criminal attempt to commit first-degree sexual abuse.  In lieu of trial by court-martial for the child pornography charge, Lopez sought and received a voluntary discharge from the Army. Following the voluntary discharge and his return to Kentucky, the circuit court revoked Lopez's probation for the pornography charges.  The main question before us, which is a matter of first impression in Kentucky, is whether a violation of the UCMJ is an "offense" for which a Kentucky court may revoke probation.  We hold that revocation is permissible if the violation of military law subjects the violator to a fine or imprisonment.

## II.  FACTUAL AND PROCEDURAL HISTORY.

Following a plea agreement, the circuit court sentenced Lopez to twelve months' incarceration for the amended misdemeanor offense of criminal attempt to commit first-degree sexual abuse.[1]  Instead of incarcerating Lopez, the circuit court probated him for two years, subject to several conditions.  Two of those conditions were that Lopez "[n]ot commit another offense" and that he "[a]void injurious or vicious habit[s] . . . ."

Near the end of that two-year period of probation, Lopez was allegedly seen viewing child pornography on a computer while he was serving in the Army in Iraq. The Army charged Lopez with receiving visual depictions of minors engaging in sexually explicit acts in violation of 18 U.S.C. § 2252(a)(2) (also a violation of UCMJ Article 134) and with violating United States Central Command General Order No. 1A (UCMJ Article 92).  In lieu of a trial by court-martial, Lopez requested and received a discharge from the Army. In that request for discharge, Lopez admitted that he was "guilty of one of the charges against [him], or of a lesser included offense therein contained . . . ."

Army personnel informed a probation and parole officer in Kentucky of Lopez's military charges.  The probation and parole officer then initiated probation revocation proceedings against Lopez.  Unfortunately and inexplicably, the special supervision report filed by the probation officer is not in the record before us. But Lopez does not contest the propriety of the probation revocation proceedings.  At the probation revocation hearing, Lopez denied viewing child pornography but admitted to sometimes viewing adult pornography in violation of General Order No. 1A. The circuit court revoked Lopez's probation.  The circuit court believed that Lopez's violation of the UCMJ was a sufficient ground for revocation and that Lopez's admission of viewing adult pornography was an injurious habit warranting revocation.

Lopez appealed the revocation; and a split panel of the Court of Appeals reversed the revocation, holding that "an admission to the violation of a general order under 10 U.S.C.A. 892, Article 92, by itself, is insufficient to justify a revocation of probation."  We granted the Commonwealth's motion for discretionary review and, after considering the relevant facts and law, reverse the Court of Appeals and

---

1.  The victim of that offense was four years old.

reinstate the trial court's order of revocation.

## III. *ANALYSIS.*

■■■ Probation revocation is not dependent upon a probationer's conviction of a criminal offense.[2] Instead, the Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation.[3] So it is of no real consequence to this case that Lopez was discharged from the Army without having first been convicted of an offense. On appeal, we may disturb a trial court's decision to revoke probation only if that decision is an abuse of discretion.[4]

■■■ Kentucky law requires trial courts to condition probation upon a defendant not committing "another offense" during the period of probation.[5] Lopez denied receiving child pornography but admitted to violating United States Central Command General Order No. 1A, paragraph 2e.[6] Since "a trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at least one probation violation[,]"[7] we may resolve this case by focusing only upon Lopez's admitted violation of Article 92 and need not address whether the Commonwealth met its burden of proof on the child pornography charge. The question in this case is whether a person serving in the armed services who violates Article 92 of the UCMJ has committed an "offense" that may give rise to revocation. The answer to that question is yes.

■■■ The statutory provisions governing probation are found in KRS Chapter 533, which is part of the Kentucky Penal Code.[8] The Kentucky Penal Code defines offense as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or ... by any law, order, rule, or regulation of any governmental instrumentality authorized by law to adopt the same ...."[9] Since it is beyond question that Congress and the armed forces are authorized to adopt laws and orders, we must determine whether a term of imprisonment or a fine were possible punishments for the violation of UCMJ Article 92. Again, the answer to that question is yes, meaning that revocation was permissible.

2. *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky.App.1986) ("It is not necessary that the Commonwealth obtain a conviction in order to accomplish revocation of probation.").

3. *Rasdon v. Commonwealth*, 701 S.W.2d 716, 719 (Ky.App.1986).

4. *Lucas v. Commonwealth*, 258 S.W.3d 806, 807 (Ky.App.2008).

5. Kentucky Revised Statutes (KRS) 533.030(1) ("The court shall provide as an explicit condition of every sentence to probation or conditional discharge that the defendant not commit another offense during the period for which the sentence remains subject to revocation.").

Similarly, the requirement that a defendant "[a]void injurious or vicious habits" is also set forth in KRS 533.030(2)(a) as a condition of probation that a trial court may, in its discretion, impose.

6. Although that order is not in the record before us, it is available to the public in PDF form at:

http://www.cemml.colosta te.edu/cultur-al/09476/pdf/GeneralOrderGO–1A.pdf.

Paragraph 2e of that order provides that the "[i]ntroduction, possession ... or display of any pornographic or sexually explicit photograph, video tapes, movie, drawing, book, magazine, or similar representations" is prohibited.

7. *Lucas*, 258 S.W.3d at 807–08.

8. KRS 500.010 provides that the Kentucky Penal Code consists of KRS Chapters 500 to 534.

9. KRS 500.080(11).

UCMJ Article 92 is codified at 10 U.S.C. § 892. That statute provides that a person who "violates or fails to obey any lawful general order or regulation ... shall be punished as a court-martial may direct." Because the statute does not contain a range of punishment, we must look elsewhere to determine if a person who violates that statute could be subjected to imprisonment or a fine or both.

The Manual for Courts–Martial United States (2008 edition) (the Manual) provides that a person who violates Article 92 (*i.e.*, 10 U.S.C. § 892) is subject to a maximum punishment of "confinement for 2 years." [10] Since the term "confinement" mentioned in the Manual is a synonym of the term "imprisonment" mentioned in KRS 500.080(11),[11] we conclude that for probation revocation purposes, someone who violates Article 92 also commits an "offense" under Kentucky law because a violation of Article 92 subjects the violator to up to two years' imprisonment. And since Lopez admitted to violating Article 92, the trial court did not abuse its discretion by concluding that the Commonwealth had met its burden to show by a preponderance of the evidence that Lopez had violated the terms of his probation.

■ Our conclusion is not altered even if we afford every benefit of the doubt to

Lopez and assume, solely for the purposes of argument, that he only actually committed the lesser-included offense of attempting to violate Article 92.[12] We will indulge this assumption because Lopez only admitted in his request for discharge to committing one of the charged offenses, or a lesser-included offense. Regardless, the Manual provides that one guilty of attempt is, with some exceptions not relevant to this case, "subject to the same maximum punishment authorized for the commission of the offense attempted...." [13] Revocation was authorized even if Lopez only attempted to violate United States Central Command General Order No. 1A.

Since the members of the armed forces are subject to many more orders and regulations than civilians, "one can certainly hypothesize instances in which some violations of military law might not justify revocation of probation...." [14] For example, members of the United States Air Force were at one time prohibited from wearing wigs.[15] Our holding should not be construed to mean that a trial court *must* revoke probation each time a person on probation serving in the armed forces violates a military law. Rather, we simply hold that under Kentucky law, a trial court *may* revoke probation if a person on probation serving in the armed forces violates

**10.** The Manual for Courts–Martial is available to the public in PDF form at: http://www.army.mil/usapa/epubs/pdf/mcm. pdf.
The potential for confinement for two years for violating Article 92 is contained at p. IV–24 of that PDF document.
Better practice would likely have been for the Commonwealth to have provided the trial court with evidence regarding the punishment range for violating Article 92. It did not. We may rely upon the Manual (the 2005 version of which was cited in the Commonwealth's brief to this Court), however, because it is an official document readily available to the public on the United States Army's website.

**11.** *Black's Law Dictionary* (8th ed.2004) defines *confinement* as "[t]he act of imprisoning or restraining someone; the state of being imprisoned or restrained ...."

**12.** *See* Manual for Courts–Martial, p. IV–24 (listing attempt as a lesser-included offense).

**13.** Manual, p. IV–5.

**14.** *United States v. Taylor*, 449 F.2d 117, 119 (9th Cir.1971).

**15.** *See United States v. Verdi*, 5 M.J. 330 (C.M.A.1978).

military law and the possible punishment for that violation includes a fine or imprisonment. We are confident that trial courts of this Commonwealth will exercise properly their inherent discretion to determine when revocation is appropriate. Any rare instances in which a trial court abuses its discretion may be corrected on appeal.

Given the nature of Lopez's military offense in this case and the close relationship that offense bears to the Kentucky offense for which he was placed on probation, we conclude the trial court did not abuse its discretion by revoking Lopez's probation.

Having determined that the trial court did not abuse its discretion by revoking Lopez's probation for his violation of Article 92, we need not address Lopez's interesting contention that the condition of probation under which he was not permitted to engage in an "injurious habit" is void for vagueness.

## IV.  CONCLUSION.

We reverse the decision of the Court of Appeals and reinstate the order of the circuit court revoking Tommy Lopez's probation.

All sitting.  All concur.