RENDERED: OCTOBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1461-MR

SCOTT ELLS                                                                    APPELLANT

v.       APPEAL FROM BULLITT CIRCUIT COURT
         HONORABLE RODNEY BURRESS, JUDGE
         ACTION NO. 19-CR-00492

COMMONWEALTH OF KENTUCKY                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Scott Ells appeals the order of the Bullitt Circuit Court revoking

his probation, entered on October 15, 2020. Following a careful review of the

record, the briefs, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 25, 2019, Ells and Leigh Key attended the Kentucky State

Fair in Louisville. After arriving home–and Ells having consumed

methamphetamine and alcohol–Ells wanted to return to the fair and asked Key to drive him. When Key refused, Ells held her down on a bed, brandished a knife, and then used it to make slash marks on the wall. Ells threatened to cut Key's throat if she did not drive him to Louisville. Ells then "mashed" Key's face and cut her forehead with a knife. Fearful Ells would make good on his threat, Key agreed to drive him to Louisville and went to the bathroom to wipe the blood off her face. While in the bathroom, Key called 911 and reported the incident, and left the line open. When Ells saw Key with her phone, he took it from her. Key let Ells exit their residence first, locked the door behind him, and waited inside for the police to arrive. When police encountered Ells outside the residence, they questioned and arrested him.

On December 4, 2019, based on the foregoing events, Ells was indicted for assault, second degree;[1] intimidating a participant in legal process;[2] wanton endangerment, first degree;[3] and being a persistent felony offender, first degree (PFO I).[4] Ells pled guilty in exchange for the PFO I charge being dropped and a prison sentence of ten years, probated for five years. He also wrote letters to

---

[1] Kentucky Revised Statutes (KRS) 508.020, a Class C felony.

[2] KRS 524.040, a Class D felony.

[3] KRS 508.060, a Class D felony.

[4] KRS 532.080.

the trial court requesting treatment for his substance abuse and mental health issues. The final sentence of probation was entered on April 14, 2020.

At Ells' request, and because of his history of violent behavior when under the influence of drugs and alcohol, one of the conditions of probation was that he successfully complete a year-long drug treatment program at the Hope House in Bowling Green, Kentucky. Ells began the program on April 16, 2020, but left the program a mere three weeks later on May 7, 2020. Ells failed to report his departure from the program to his probation officer, and a violation of supervision report was filed the same date. Consequently, a bench warrant for Ells' arrest was issued and later executed on July 21, 2020.

On September 11, 2020, the trial court entered an order reducing Ells' bond on the condition that he complete treatment at the Addiction Recovery Center (ARC) in Louisa, Kentucky. On September 12, 2020, Ells began his treatment at ARC but was only there for two or three days before he was admitted to Three Rivers Medical Center. Ells' treatment with ARC was terminated, but Ells failed to report this to his probation officer, Christopher Stamper. Officer Stamper learned Ells was no longer in treatment when he called ARC on September 23, 2020. Officer Stamper also contacted Three Rivers Medical Center and was informed Ells was discharged on September 18, 2020. Officer Stamper issued a supervision violation report recommending probation revocation.

-3-

On October 7, 2020, a probation revocation hearing was held via Skype at which Officer Stamper testified regarding Ells' probation violations. In its order revoking Ells' probation, entered on October 15, 2020, the trial court found Ells had violated the terms of his probation by failing to complete treatment at the Hope House and ARC, thus satisfying the requirements for probation revocation. This appeal followed.

## STANDARD OF REVIEW

We review probation revocation orders for abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). We will reverse only if we find "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We "will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *Blankenship v. Commonwealth*, 494 S.W.3d 506, 508 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004)).

KRS 439.3106 provides the criteria for revoking probation:

(1) Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions

of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1)(a)-(b). In considering the applicability of the statute to revocation proceedings, the *Andrews* Court held:

We conclude that KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked.

*Andrews*, 448 S.W.3d at 780.

## ANALYSIS

In revoking Ells' probation, the trial court made sufficient written findings in its order as to the essential elements of KRS 439.3106, and it is clear from the record that the trial court followed *Andrews* and the statutory criteria under KRS 439.3106 in revoking Ells' probation. The findings did not merely perfunctorily cite the statutory language in KRS 439.3106 but also included proof from the record established by a preponderance of the evidence as to how Ells

-5-

violated the terms of his release and the statutory criteria for revocation. *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015).

Proof that Ells violated the terms of his probation includes the fact that Ells–not once, but twice–failed to comply with the conditions of his probation in not completing court-ordered treatment programs.[5] He only completed three weeks of a year-long program at the Hope House and less than three days at ARC. Ells provides excuses for why he failed to complete these programs, but he does not explain why he failed to communicate with his probation officer regarding his whereabouts after leaving treatment.

Moreover, although the trial court pointed out that this is an assault case rather than a drug case, it is clear from Ells' confessions, as well as his prior criminal history, that his drug and alcohol abuse fuels his violent criminal behavior, making him a significant danger to the community and/or his prior victim without successful completion of an appropriate treatment program.[6]

---

[5] In *Andrews*, the Court made clear that a decision to revoke probation based solely on a single violation of the condition that a defendant remain drug-free will be deemed "an abuse of discretion under the new state of the law." *Andrews*, 448 S.W.3d at 780. The revocation in the case herein is not based on a single violation, nor did it constitute an abuse of discretion.

[6] Therefore, the case herein is factually and legally distinguishable from *Helms*, in which "there is a complete lack of evidence in the record that Helms is a danger to a prior victim or to the community and he cannot be appropriately managed in the community[.]" *Helms*, 475 S.W.3d at 645. In *Helms*, Helms was able to be managed effectively in his community for more than 18 months. By contrast, in the case herein, Ells could not comply with the terms of his probation for even one month when given two separate chances.

Furthermore, his failure to complete court-ordered treatment and report to his probation officer demonstrates Ells cannot be effectively managed in the community.

While a more thorough written analysis detailing the trial court's thought process and rationale may be desirable in the order revoking Ells' probation, it is not necessary as it is clear upon review of the order and the probation revocation proceedings that the trial court considered the proper requirements for revocation and did not abuse its discretion in so doing.[7] Thus, we must affirm the order revoking Ells' probation.

---

[7] The trial court in the case herein clearly considered a variety of factors, like in *Andrews*, and did not abuse its discretion. In *Andrews*:

> the trial court plainly considered a variety of factors, and specifically considered the criteria in KRS 439.3106. The trial court found that Andrews's recent drug use and past history strongly suggested that he was at great risk of reoffending and committing future drug crimes in the community.[] While Andrews's criminal history could not be the sole basis for his revocation, it was appropriately considered when assessing the risk posed by his continued probation. . . . In sum, although Andrews's situation was not clear-cut and another judge may have opted for a lesser sanction, the trial court's decision to revoke Andrews's probation was neither arbitrary nor unreasonable. The trial court acted within its discretion in revoking Andrews's probation under KRS 439.3106(1), and that decision will stand.

*Andrews*, 448 S.W.3d at 780-81.

## CONCLUSION

Therefore, and for the forgoing reasons, the order of the Bullitt Circuit Court is AFFRIMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher C. Bailey
Assistant Attorney General
Frankfort, Kentucky