RENDERED: APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0673-MR

KEVIN S. RIGSBY                                                    APPELLANT

APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 15-CR-00099

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE: Appellant, Kevin S. Rigsby, appeals from an order of the

Logan Circuit Court revoking his probation.

In 2015, Rigsby entered a guilty plea to first-degree possession of a

controlled substance, methamphetamine (1st offense); possession of drug

paraphernalia; manufacturing methamphetamine (1st offense); unlawful possession

of methamphetamine precursor (1st offense); and unlawful possession of

controlled substance prescription not in original container (1st offense).  He was

sentenced to ten years, probated for five years.

On March 31, 2020, the Commonwealth filed a motion to revoke

Rigsby's probation, the motion that is the subject of this appeal.  The

Commonwealth submitted a March 16, 2020, Special Supervision Report from the

Office of Probation and Parole to support its motion.  That report provides as

follows:

> **CURRENT VIOLATIONS**
> New felony arrest
> On 3/4/2020 Kevin Rigsby turned himself in on the
> following new Logan County Case:  20-F-69
> -MANUFACTURING METHAMPHETAMINE, 2ND
>  OR > OFFENSE - 218A.1432(1)
> -POSS CONT SUB, 1ST DEGREE, 2ND OFFENSE
>  (METHAMPHETAMINE) - 218A.1415
> -DRUG PARAPHERNALIA - BUY/POSSESS -
>  218A.500(2)
> -WANTON ENDANGERMENT-1ST DEGREE-508.060
> -CONTROLLED SUBSTANCE ENDANGERMENT
>  TO CHILD, 4TH DEGREE - 218A.1444(1)
>
> These charges are still pending at this time.
>
> **CURRENT RECOMMENDED SANCTIONS**
> Revocation Recommended
> This Officer is respectfully requesting revocation of
> Kevin Rigsby.  Rigsby poses a significant risk to the
> community.

(Uppercase and bold-face emphases original.)

On April 27, 2021, the trial court conducted a hearing on the Commonwealth's motion. On June 2, 2021, it entered an order revoking Rigsby's probation and an amended final judgment of imprisonment, which provides as follows:

> Probation and Parole Officer, Gabe Adkins, and South Central Kentucky Drug Task Force Agent, Cody Fox [testified]. Their testimony established by a preponderance of the evidence that on January 15, 2020, the Defendant had drug paraphernalia (digital scales), methamphetamine (located in an outbuilding) and various items that were utilized to manufacture methamphetamine, specifically a small anhydrous tank, bottles and tubing located at or near a burn barrel which was found on the Defendant's property near (within a few yards) of his home and property. The Defendant was also trying to destroy evidence by burning the evidence in a burn barrel on her [*sic*] property. Also detected by law enforcement officers was a strong chemical smell and other precursors such as muriatic acid.
>
> After warrants had been secured for the Defendant and his wife, the Defendant eluded capture for weeks until he turned himself into [*sic*] the jail on March 4, 2021. The Defendant presented a number of witnesses who testified as to the Defendant's good behavior since his release on bond. Notwithstanding such testimony this Court finds that the severity of his conduct which was to engage in a second offense of manufacturing methamphetamine (a class A felony) constitutes a significant danger to the community and cannot be managed in the community.
>
> This Court finds by preponderance of the evidence that the Defendant violated his conditions of his probation by committing the following violations of Kentucky Criminal Law, including Possession of Controlled

-3-

Substances, First Degree, First Offense (Methamphetamine), Manufacturing Methamphetamine, Second Offense which is in violations [*sic*] of the conditions of his probated sentence.

## CONCLUSIONS OF LAW

The Defendant was afforded the opportunity for a hearing pursuant to KRS[1] 533.050 and that hearing was held on April 27, 2021[.] In determining whether to revoke the Defendant's probation or to assess a penalty or conditions other than revocation, the Court has considered the requirements of KRS 439.3106 and finds:

___ such violations(s) constitute a significant risk to __ prior victims of the Defendant; or
_X_ the community at large (including the Defendant) and cannot be appropriately managed in the community[.]

(Emphasis original.)

Rigsby appeals. His first argument is that the trial court erred in finding that there was proof by a preponderance of the evidence that he violated a condition of his probation. "Probation revocation is not dependent upon a probationer's conviction of a criminal offense. Instead, the Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation." *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009) (footnote omitted). "[A] trial court could properly revoke probation on less

---

[1] Kentucky Revised Statute.

evidence than is required for a jury to convict." *Barker v. Commonwealth*, 379 S.W.3d 116, 123 (Ky. 2012).

As the Commonwealth notes, defense counsel conceded in closing argument that there was sufficient evidence from which the trial court could find a violation of probation, stating, "I do believe that the court can find that there was a violation of the probation[.]" For Rigsby to now argue the contrary violates the "long-standing prohibition against presenting a new theory of error at the appellate level -- the overwrought but irresistibly descriptive prohibition against feeding a different can of worms." *Henderson v. Commonwealth*, 438 S.W.3d 335, 343 (Ky. 2014) (footnote omitted). Accordingly, we decline to address the issue.

Next, Rigsby argues that "[t]he trial court erred by revoking Appellant's probation notwithstanding the Commonwealth's complete failure to produce any evidence that he could not be appropriately managed in the community." However, this Court explained in *New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019) (footnote omitted), as follows:

> A trial court has discretion in probation revocation matters but must exercise its discretion "consistent with statutory criteria." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). Specifically, before revoking probation a trial court must make two findings under Kentucky Revised Statutes (KRS) 439.3106(1): (1) whether the alleged probation violation "constitutes a significant risk to prior victims of the supervised individual or the community at large" and (2) whether the defendant "cannot be appropriately managed in the

community[.]"  A trial court is not required to provide explanations for those findings; instead, it must only make the findings, which must be "supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015).  We review a trial court's revocation decision for abuse of discretion. *Andrews*, 448 S.W.3d at 780.  "And for a trial court's decision to be an abuse of discretion, we must find that the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007) (internal quotation marks and citation omitted).

Rigsby essentially reargues his case.  He contends that the testimony presented at the revocation hearing established that he could be and was appropriately managed in the community:  from the Cabinet worker who testified regarding his completion of substance abuse therapy and parenting classes; from the Family Preservation Program worker regarding Rigsby's successful completion of that program; from Rigsby's employer that he is a phenomenal, dependable worker; and from family acquaintances, who testified concerning how Rigsby had turned his life around.

The court did consider that testimony, but it was not persuaded by it. From the bench, the court explained that it believed that manufacturing methamphetamine constitutes a danger to the community at large, a danger to the officers who had to respond to the crime scene, a danger to other first responders who had to deal with it, and a danger to the children in the area.  Additionally, the court noted that it is an environmental hazard.  The court commended the

witnesses who testified on behalf of Rigsby, but it explained that with a convicted "meth cook who is out cooking meth again, the danger to the community is way high, way high." The court determined that his conduct posed a serious risk and concluded that Rigsby cannot be managed in the community.

The trial court's written findings reflect as follows:

> The Defendant presented a number of witnesses who testified as to the Defendant's good behavior since his release on bond. Notwithstanding such testimony this Court finds that the severity of his conduct which was to engage in a second offense of manufacturing methamphetamine (a class A felony) constitutes a significant danger to the community and cannot be managed in the community.

The Commonwealth argues -- and we agree: "Every indication [wa]s that Rigsby was continuing to do exactly what had placed him on probation in the first place. Then when he was discovered, he evaded police for a period of nearly two months before turning himself in." We are satisfied from our review that the evidence was sufficient to support the trial court's determination that Rigsby could not be appropriately managed in the community. We find no abuse of discretion.

Therefore, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Travis B. Lock
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky