RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1366-MR

BRANDON TAYLOR                                                                   APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 19-CR-01283

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: On July 6, 2019, Appellant, Brandon Taylor, was arrested and charged with first-degree assault in Covington, Kentucky. According to the arresting officer's report, Taylor stated that the victim had a gun, and that when he ran away, Taylor shot at him. The victim sustained wounds to his buttocks and pelvis.

The Kenton County Grand Jury indicted Taylor with one count of first-degree wanton endangerment. Taylor appeared before the Kenton Circuit Court and entered a guilty plea to that charge. The Commonwealth recommended a sentence of pretrial diversion for a two-year period. The circuit court diverted Taylor's conviction in accordance with the plea agreement. During the sentencing hearing, the judge cautioned Taylor that he was to have no guns and could not be around people carrying guns. His diversion agreement also included a requirement that he not possess a deadly weapon.

On July 13, 2021, Taylor's parole officer filed a report indicating that Taylor, a felon, was found to be in possession of a handgun on June 26, 2021. The report recommended that the circuit court revoke his diversion. Evidence of this alleged offense included a surveillance video obtained in connection with an investigation into a bar shooting that occurred while Taylor was present. To be clear, there is no indication that Taylor was the shooter.

The court held two revocation hearings and ultimately issued an order finding that Taylor was "a significant risk to the community[,]" and that he "cannot be appropriately managed in the community" due to his new felony arrest. As a result, the circuit court revoked Taylor's diversion and sentenced him to two years' imprisonment. On September 12, 2022, Taylor was acquitted by a Kenton County

Circuit Court jury on the charges arising from the June 26, 2021 incident. Taylor

appeals to this Court as a matter of right. For the following reasons we affirm.

## ANALYSIS

Taylor's sole issue on appeal is that the trial court erred by revoking

his diversion for failing to comply with KRS[1] 439.3106(1).

> KRS 439.3106(1) requires trial courts to consider
> whether a probationer's failure to abide by a condition of
> supervision constitutes a significant risk to prior victims
> or the community at large, and whether the probationer
> cannot be managed in the community before probation
> may be revoked.

*Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "Neither KRS

439.3106 nor *Andrews* require anything more than a finding to this effect

supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d

728, 733 (Ky. App. 2015).

A decision to void pretrial diversion applies the same criteria as a

decision to revoke probation. KRS 533.256(2); *Richardson v. Commonwealth*, 494

S.W.3d 495, 498 (Ky. App. 2015). We review the circuit court's decision for an

abuse of discretion. *Andrews*, 448 S.W.3d at 780 (citing *Commonwealth v. Lopez*,

292 S.W.3d 878 (Ky. 2009)). "Under our abuse of discretion standard of review,

we will disturb a ruling only upon finding that 'the trial judge's decision was

---

[1] Kentucky Revised Statutes.

arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). With these standards in mind, we now address the merits of the present case.

Taylor specifically argues that the circuit court's order revoking diversion made insufficient findings, and should therefore be reversed. We disagree. To reiterate, Taylor previously pled guilty to a felony after having shot someone. After that, Taylor was eventually acquitted of the subsequent charge of felony possession of a firearm. However, we need not belabor the distinction between the legal standards applied to revoking diversion versus that in criminal trials. Like probation revocation, "[r]evocation of [diversion] does not require proof beyond a reasonable doubt. The Commonwealth's burden is to prove by a preponderance of the evidence that the defendant violated the conditions of his or her probation." *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. App. 2015) (citation omitted).

The circuit court in the present case reviewed the evidence, including the surveillance video and testimony, and ultimately concluded that Taylor was in possession of a firearm. This is well within the purview of the court. Possessing a weapon in violation of his diversion agreement and the court's admonition clearly indicates that Taylor constitutes a significant risk to the community at large, and

that he cannot be managed in the community.  We certainly cannot say that the circuit court abused its discretion here.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the Kenton Circuit Court's order revoking diversion entered on October 14, 2021.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky