RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0055-MR

JULIE MAZE                                                            APPELLANT

v.

APPEAL FROM LAWRENCE CIRCUIT COURT
HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 20-CR-00103

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND JONES, JUDGES.

ACREE, JUDGE: Appellant, Julie Maze, appeals the Lawrence Circuit Court's

November 16, 2021 Order revoking her probation. We affirm.

On October 22, 2020, Appellant pleaded guilty to first-degree

possession of a controlled substance and possession of drug paraphernalia. The

circuit court sentenced her to three years of incarceration but probated this

sentence. As a condition of her probation, Appellant had to complete treatment for

substance abuse and pay supervision and drug testing fees. Appellant failed to comply with these conditions.

After beginning inpatient care for substance abuse, Appellant left her program after attending it for approximately one month and, on October 15, 2021, Appellant tested positive for methamphetamine. Preliminary indications were that her urine sample was altered by a chemical added to mask illegal substances. Appellant's probation officer, Amber Coss, filed a violation-of-supervision report, and the Commonwealth sought to revoke Appellant's probation.

The Lawrence Circuit Court held a probation revocation hearing on November 10, 2021. During the hearing, the court only heard testimony from Coss, and heard the above stated facts and violations. Additionally, when asked if it would be impossible to supervise Appellant due to her refusal to report and attend treatment, Coss stated: "It makes it very difficult, yes." The circuit court entered its order revoking probation, stating:

> The probation officer testified that in her opinion the [Appellant] could not be properly supervised in the community as a whole, and also testified that [Appellant's] continued drug abuse issues caused her to be a danger to herself or the community as a whole.

> The Court agrees with the assessment of the probation officer. [Appellant] has been previously convicted of substance abuse and has been offered the option to address that abuse, but has failed to do so. The Court concludes that [Appellant] is a danger to herself because of that drug use[.] . . . [H]er consistent failure to comply with the

-2-

directives of the probation office make it clear to the Court that she cannot be properly supervised in the community as a whole.

(Record (R.) at 65.) This appeal follows.

Appellant argues the circuit court failed to comply with the requirements for revoking probation pursuant to KRS[1] 439.3106 in two instances. First, the Commonwealth failed to present evidence showing Appellant posed a significant risk to the community and could not be managed in the community. Second, the circuit court did not consider alternatives to incarceration. We will address each in turn.

When reviewing a circuit court's decision to revoke an individual's probation, we review for abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009)). Accordingly, this Court "will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

It is "[w]ithout question, the power to revoke probation is vested in the trial courts and in the trial courts alone." *Id.* at 777. Nevertheless, prior to

---

[1] Kentucky Revised Statutes.

revoking an individual's probation, a circuit court must consider KRS 439.3106.

*Id.* at 776. Pursuant to KRS 439.3106:

> (1) Supervised individuals shall be subject to:
>
> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1). The Kentucky Supreme Court said: "KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Andrews*, 448 S.W.3d at 780.

When making these findings, "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). Rather, "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Id.* When we

-4-

undertake this analysis, we "look to both the written and oral findings in conjunction with one another and not separately in a vacuum." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019).

Here, the circuit court properly measured whether Appellant posed a risk to the community, whether she could be managed in the community, and whether alternatives to incarceration were appropriate – all in consideration of KRS 439.3106. The record demonstrates facts to support each conclusion.

We find evidence of record that Appellant failed to comply with her probation conditions. She failed to complete substance abuse treatment and she failed to maintain contact as required to satisfy her conditions of probation. After leaving treatment, there is no indication Appellant returned; instead, she thereafter tested positive for methamphetamine. Additionally, the court heard evidence concerning Appellant tampering with her urine sample.[2] Further, Coss testified it would be "very difficult, yes," in response to questions concerning whether she could be managed in the community as a probationer. The record is replete with evidence concerning Appellant's probation violations, and given the nature of those violations, it was not an abuse of discretion for the circuit court to conclude Appellant would be impossible to manage in the community.

---

[2] In the record, it is indicated that lab tests had not yet confirmed whether a chemical had, in fact, been added to Appellant's urine sample. The results of that test are not in the record.

Although the circuit court's order revoking probation is brief, it is supported by a record that goes beyond a mere perfunctory recitation of KRS 439.3106's requirements. In *McClure v. Commonwealth*, a circuit court revoked a probationer's parole because he attempted to alter his drug test after failing repeated drug tests. *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015). In *McClure*, the court's findings consisted of the following oral statement:

> Mr. McClure, the court is going to sentence you to five years. The main thing that concerns the court more than anything is attempting to alter a drug screen which means apparently that if you went to those levels, that you do have an addiction and considering the large number of days you have, you will probably be eligible for parole pretty soon. And you can make a motion for shock at a later date . . . but I don't know, that is pretty serious, especially considering that he was probated.

*Id.* We determined this statement met the requirements of KRS 439.3106 because the court contemplated "the gravity of McClure's actions and the danger posed by his obvious addiction." *Id.* at 733. As such, the question is not whether "how attempting to alter a drug screen posed a danger to society," *id.*, but rather "whether a probationer's failure to abide by a condition poses a significant risk to prior victims or the community at large." *Id.* (quoting *Andrews*, 448 S.W.3d at 776)). "Neither KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of record." *Id.*

-6-

Here, the record reflects judicial contemplation of the gravity of Appellant's violations. The circuit court references Coss's own testimonial conclusions of the inability to supervise her in the community and incorporated those conclusions in its reasoning. Beyond that, the court recognized Appellant's substance abuse and its severity. Given this, the court did not abuse its discretion when it determined she would pose a risk to the community. The court did not abuse its discretion when it agreed with Appellant's probation officer that Appellant would be impossible to manage in the community because of her repeated failures to cooperate.

Moreover, the record demonstrates the circuit court properly considered other alternatives to incarceration. Appellant requested alternatives be considered by the court before imposing the three-year sentence on her and, implicit in answering that request, the court contemplated other alternatives. The circuit court concluded Appellant failed to take any meaningful steps to address her drug abuse, despite the Commonwealth giving her multiple chances to do so. KRS 439.3106 does not require a court to try every possible alternative to incarceration on the road to probation revocation. It merely requires the court to consider alternatives, and KRS 439.3106 vests the circuit court with the discretion to utilize other alternatives where appropriate.

We find no abuse of the circuit court's discretion here. Because Appellant failed to address her substance abuse, it was not error for the circuit court to revoke Appellant's probation.

For the aforementioned reasons, we affirm.


ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Roy A. Durham, II<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| | Jenny L. Sanders<br>Assistant Attorney General<br>Frankfort, Kentucky |