RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0853-MR

CHARLES NELSON MEDINA                                  APPELLANT

|     |     |
| --- | --- |
| v. | APPEAL FROM OWEN CIRCUIT COURT<br>HONORABLE R. LESLIE KNIGHT, JUDGE<br>ACTION NO. 21-CR-00028 |

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

DIXON, JUDGE: Charles Medina appeals the order revoking his probation, entered by the Owen Circuit Court on May 24, 2022. Following a careful review of the record, briefs, and applicable law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On October 4, 2021, Medina was sentenced to ten years' imprisonment probated for five years after he pled guilty to being a convicted felon

in possession of a handgun, fleeing or evading in the second degree, driving under the influence (first offense), and operating a motor vehicle with an expired license. Medina's release was conditional upon his abstaining from alcohol and completing residential treatment.

On February 16, 2022, the Commonwealth moved to revoke Medina's probation for violating the terms of his release. At the ensuing hearing on May 24, 2022, Medina stipulated that he had used alcohol and that he was terminated from treatment for twice attempting to conceal restricted property – a cellphone. Medina, an admitted alcoholic, testified that he relapsed upon learning that "gruesome" charges of felony sexual abuse[1] of a family member had been filed against him. Conceding that the pending charges precluded him from reentering treatment, Medina nonetheless requested that his probation be reinstated since he had not been indicted and the charges could be dismissed.

Citing Medina's alcohol addiction, his history of domestic violence,[2] and his penchant for possessing firearms, the court entered an order finding that Medina had violated the terms of his release; his failure to comply posed a

---

[1] For clarity, the Commonwealth did not seek revocation on the basis of the new charges because the alleged events predated Medina's probation.

[2] Medina admitted he was prohibited by a domestic violence order from being within 500 feet of his family's residence and that the pending sexual assault charges arose from a domestic situation.

significant risk to the community; and he could not be managed in the community. His probation was revoked, and this appeal followed. Additional facts will be introduced as they become relevant.

## STANDARD OF REVIEW

KRS[3] 439.3106(1) states that "[s]upervised individuals shall be subject to" the following:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

We review a court's decision revoking probation for an abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). An abuse of discretion occurs if the court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

---

[3] Kentucky Revised Statutes.

# LEGAL ANALYSIS

Medina argues that the court abused its discretion by revoking his probation without first making necessary findings detailing how his violation of supervision constituted a significant risk to the community. Medina further asserts that the court's findings of significant risk and his inability to be managed in the community were refuted by the court's acknowledgment that he could receive shock probation and reenter treatment at a later date. We disagree.

Due process requires that a court make either written or oral findings as to "the evidence relied on and the reasons for revoking probation." *Commonwealth v. Alleman*, 306 S.W.3d 484, 487-88 (Ky. 2010). Additionally, to comply with KRS 439.3106(1)(a), a court must specifically find that the probationer's failure to comply with the terms of their supervision constitutes a significant risk to prior victims or the community and that they cannot be appropriately managed in the community. *Andrews*, 448 S.W.3d at 780. However, contrary to Medina's assertion otherwise, the court need not detail the basis for these findings; rather, all that is necessary is that the findings are supported by the record. *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734-35 (Ky. App. 2023); *New v. Commonwealth*, 598 S.W.3d 88, 90-91 (Ky. App. 2019).

Here, Medina conceded that he could not obtain necessary mental health and alcohol addiction treatment, that he had recently relapsed, and that the

-4-

purported trigger to his relapse was ongoing. Coupled with his unmanaged conditions, Medina's criminal history – driving under the influence, twice illegally possessing a firearm, and armed robbery – supported revocation. Additionally, the court's willingness to consider shock probation if Medina ultimately became eligible for treatment is consistent with this decision and does not, as Medina argues, undermine the court's findings. Consequently, we find no error.

Next, Medina contends that the court's refusal to consider sanctions other than revocation necessitates a new hearing. Since neither the plain language of KRS 439.3106 nor the cases interpreting it requires a court to consider lesser punishments if the statutory prerequisites to revocation have been found, we again disagree. *See Andrews*, 448 S.W.3d at 776-79. Indeed, the Supreme Court has expressly held that revocation is within the discretion of the court "provided that discretion is exercised consistent with statutory criteria." *Id.* at 780. As required by KRS 439.3106(1)(a), the court found that Medina posed a significant risk to the community and that he could not be managed therein. Accordingly, even absent a consideration of lesser sanctions, the court acted within its discretion in revoking probation.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Owen Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Travis Bewley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General
Frankfort, Kentucky