RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1104-MR

RACHEL ANNE WILSON                                                APPELLANT

v.                APPEAL FROM ADAIR CIRCUIT COURT
                  HONORABLE JUDY VANCE-MURPHY, JUDGE
                  ACTION NO. 21-CR-00233

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

ACREE, JUDGE: Appellant, Rachel Wilson, appeals the Adair Circuit Court's

September 6, 2022 order revoking her probation. She argues the circuit court made

insufficient findings pursuant to Kentucky's supervised release revocation statute,

KRS[1] 439.3106. We detect no error and, therefore, affirm.

---

[1] Kentucky Revised Statutes.

## BACKGROUND

On April 12, 2022, Appellant pleaded guilty to several criminal offenses: first-degree possession of a controlled substance, first offense; tampering with physical evidence; possession of drug paraphernalia; operating a motor vehicle under the influence, first offense; failure to wear a seatbelt; and possession of an open container in a motor vehicle. On May 24, 2022, Appellant received a sentence of incarceration for three years.

Her entire sentence was probated. During her probation, Appellant was required to report to her probation officer, commit no further violations of the law, and submit to drug tests. She attended her first appointment with Officer McFarland, her probation officer, on May 31, 2022. On June 15, Appellant was charged with failure to maintain insurance, no or expired registration, and, for the second time, possession of an open container in a motor vehicle.

Appellant appeared at her second appointment with Officer McFarland on June 23, 2022. Appellant signed in but left shortly thereafter. She stated she did so because she was confused that the interior door at the probation office was locked and that nobody responded when she knocked on the door. She also avers she decided to return home after her daughter, who drove Appellant to the appointment, repeatedly came to the door of the probation office. However, the Commonwealth notes Appellant did not call Officer McFarland while at the

probation office, despite a sign in the office lobby instructing her to do so. Indeed, Officer McFarland was at the office at that time. Appellant unsuccessfully attempted to contact Officer McFarland when she got home.

Officer McFarland had no success in her attempt to contact Appellant on July 1. Officer McFarland visited Appellant's home on July 13, but she was not home. Appellant states she was away from home because of difficulties related to her divorce from her abusive husband which required her to stay with a family friend rather than at home. She asserts she informed Probation and Parole about her moving out of her house. Officer McFarland left a note instructing Appellant to report the next day, July 14.

On July 15, Officer McFarland filed a violation-of-supervision report, recommending revocation of Appellant's probation. On July 24, Appellant, while driving, collided with a stop sign and was found by a police officer in a nearby yard. Field sobriety tests revealed Appellant was drunk. Appellant was arrested and charged with the following: careless driving; operating a motor vehicle under the influence, second offense; leaving the scene of an accident; driving on a DUI-suspended license; failure to surrender a revoked driver's license; and, for the third time, possession of an open container in a motor vehicle. Officer McFarland filed a second violation-of-supervision report following this arrest.

The Commonwealth moved to revoke Appellant's probation on July 28, 2022. The circuit court held a revocation hearing on August 23, 2022 and entered its Order Revoking Probation on September 6, 2022. Appellant now appeals.

## STANDARD OF REVIEW

We review a trial court's decision to revoke probation for abuse of discretion. *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009) (citation omitted). A trial court abused its discretion if its "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

Appellant argues that trial courts must consider the criteria KRS 439.3106 provides in determining whether to revoke probation, and that the circuit court failed to do so in the instant case. She also argues the circuit court did not enter findings of sufficient specificity as to which conditions of her probation Appellant violated. Neither argument has merit. KRS 439.3106 is Kentucky's supervised release revocation statute, and provides as relevant:

(1) Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised

-4-

individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1).

In *Commonwealth v. Andrews*, Andrews violated the condition of his probation requiring that he abstain from using any drugs not prescribed to him. 448 S.W.3d 773, 775 (Ky. 2014). At the revocation hearing in *Andrews*, while the circuit court expressed doubt as to whether KRS 439.3106 applied to its decision regarding probation revocation, it made oral findings that Andrews was a significant risk to the community and could not be managed properly in the community. *Id*. The Supreme Court acknowledged that "[w]ithout question, the power to revoke probation is vested in the trial courts and in the trial courts alone." *Id*. at 777 (citing KRS 533.010 *et seq.*). Despite this, a unanimous Supreme Court concluded that KRS 439.3106 "requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Id*. at 780.

In this case, the circuit court's Order Revoking Probation listed the seven conditions of probation it determined Appellant had violated, including failing to report to her probation officer, failure to abstain from alcohol, and commission of additional criminal acts. (Record (R.) at 81-82.) The circuit court also "further f[ound] that the Defendant's failure to abide by the conditions of her probation constitutes a significant risk to the prior victim(s) and/or the community, and the Defendant cannot be appropriately managed in the community." *Id*. at 82. The court's ruling therefore contains the findings KRS 439.3106(1) requires.

Appellant argues the circuit court's findings are simply a recitation of the statutory language; as she describes them, the circuit court's findings were "merely boilerplate." (Appellant's Brief at 8.) She argues this is insufficient.

Our jurisprudence does not support Appellant's argument. As Appellant points out, "perfunctorily reciting the statutory language in KRS 439.3106 is not enough." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015). However, *Helms* does not stand for the proposition that, should a trial court's findings simply state that each of the KRS 439.3106(1)(a) criteria are met, that remand is required in every case. Instead, as this Court further explains in *Helms*, "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Id*. We ultimately determined in *Helms* that the

evidence of record did not meet this evidentiary burden upon an examination of the facts in the record.  *Id.*

In the instant case, a preponderance of the evidence of record supports the circuit court's decision to revoke Appellant's probation.  While on probation, Appellant was charged for several relatively minor offenses, including failure to maintain insurance and expired registration.  Additionally, her failure to show up for her June 23 appointment with her probation officer, in isolation, likely would be insufficient to find Appellant posed a risk to the community and that she could not be managed in the community.  However, Appellant received more serious criminal charges while on probation.  She was arrested for careless driving, a second DUI, and leaving the scene of an accident after colliding with a stop sign and being found in a nearby yard by a police officer.  Accordingly, our examination of the record reveals the circuit court did not abuse its discretion in determining the KRS 439.3106(1) criteria had been satisfied.

Appellant also argues the circuit court should have made more specific findings as to which of her conditions of probation she violated.  In *McClure v. Commonwealth*, McClure argued, as relevant to the present appeal, the trial court's finding that he was a significant risk to the public was insufficient to revoke his probation because "it did not include an explanation of *how* attempting to alter a drug screen posed a danger to society."  457 S.W.3d 728, 733 (Ky. App.

2015) (emphasis added) (internal quotation marks omitted). This Court disagreed, concluding "[n]either KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of record." *Id.* We determined, therefore, the trial court "owed McClure no further explanation." *Id.* However, because the trial court made no finding as to whether McClure could be appropriately managed within the community as KRS 439.3106 requires, we remanded to the trial court to enter further findings. *Id.* at 733-34.

This case is distinguishable from *McClure* because the circuit court made both requisite findings. As KRS 439.3106(1) requires, the court considered each of Appellant's probation violations and concluded these violations constituted a significant risk to either prior victims or the community and that Appellant could not be appropriately managed in the community. Because evidence of record supports the court's findings as discussed above, the findings are sufficient.

At the end of her brief, Appellant argues KRS 439.3106 required the circuit court to consider alternative sanctions. However, KRS 439.3106 requires trial courts to find that a person poses a risk and cannot be managed in the community before the court may revoke probation. *Andrews*, 448 S.W.3d at 780. Consideration of these criteria "allows the trial court to conclude with some certainty that the imposition of some other accountability measure would be fruitless[.]" *Id.* at 779. In deciding that both statutory criteria applied to

Appellant, the circuit court in the instant case simultaneously determined alternative sanctions were not appropriate.

## CONCLUSION

Based on the foregoing, we affirm the Adair Circuit Court's September 6, 2022 Order Revoking Probation.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky