RENDERED: MARCH 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0494-MR

TIMOTHY WITT                                                                APPELLANT

v.          APPEAL FROM BULLITT CIRCUIT COURT
            HONORABLE RODNEY D. BURRESS, JUDGE
            ACTION NO. 22-CR-00134

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  Timothy Witt ("Witt") appeals from an order of the Bullitt

Circuit Court revoking his shock probation.  He claims that the evidence was

insufficient to support the court's decision, and the court did not sufficiently

consider the statutory requirements prior to revoking his probation.  Having

reviewed the entire record, we disagree and find no abuse of discretion.

# BACKGROUND

In May 2022, a Bullitt County grand jury indicted Witt on one count of possession of a handgun by a convicted felon. In May 2023, the Bullitt Circuit Court sentenced him to four years of incarceration, probated for three years. One month later in June, Probation and Parole informed the court that Witt violated the terms of his probation by failing to report. He also had two active warrants in Jefferson County. At an August 2023 hearing, the court revoked Witt's probation.

In November 2023, the Bullitt Circuit Court granted Witt's motion for shock probation, thus beginning a new period of supervision. In the order granting shock probation, the court granted Witt a so-called "zero tolerance" probation that imposed automatic revocation for *any* violation. In February 2024, Witt tested positive for marijuana and methamphetamine, and admitted to using marijuana while on supervision. In March 2024, an officer with Probation and Parole filed a supervision report informing the court of Witt's violations. The Commonwealth sought revocation, and the court held a hearing that same month.

Following the hearing, the circuit court made findings that: 1) Witt failed to comply with the terms of his probation by using a controlled substance; 2) the failure constituted a significant risk to prior victims or to the community at large; and 3) Witt could not be appropriately managed in the community. As a result, the court revoked Witt's supervision. Witt appealed.

## STANDARD OF REVIEW

A decision to revoke probation is reviewed for an abuse of discretion. *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009) (citation omitted). Under this standard, this Court may only disturb the circuit court's ruling if it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citation omitted).

Kentucky Revised Statute ("KRS") 439.3106 places parameters on probation revocations, but it does not strip courts of their ability and discretion to order revocation. *Andrews*, 448 S.W.3d at 779-80. KRS 439.3106(1) requires courts to consider: (a) whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and (b) whether the probationer cannot be managed in the community before probation may be revoked. *Andrews*, 448 S.W.3d at 779. Where both statutory findings are expressly made *and* there is an adequate basis in the record to substantiate them, there is no abuse of discretion. *Kendrick v. Commonwealth*, 664 S.W.3d 731, 735 (Ky. App. 2023).

## ANALYSIS

On appeal, Witt argues the Bullitt Circuit Court abused its discretion by revoking his probation. He asserts that the circuit court's zero-tolerance policy

demonstrates that the court did not give thoughtful consideration to KRS 439.3106 and its graduated sanctions.

At Witt's probation revocation hearing, he was well represented, and his counsel elicited testimony from the probation officer that she might have recommended lesser sanctions if not for the zero-tolerance condition included by the court in its prior order. Witt argues that the zero-tolerance policy shows the court did not consider graduated sanctions, and the court should have ordered rehabilitation instead of incarceration. Witt now likens himself to the probationer in *Helms v. Commonwealth*. 475 S.W.3d 637 (Ky. App. 2015).

In *Helms*, the defendant was placed on pretrial diversion. *Id*. at 638. During diversion, the defendant failed a random drug test, and his probation officer reported the violation to the court. At a probation revocation hearing, the probation officer testified that he believed the court's zero-tolerance probation order precluded him from recommending graduated sanctions. *Id*. at 640. The court then ordered revocation, and the defendant appealed. *Id*. On appeal, this Court determined the revocation was an abuse of discretion and reversed. *Id*. at 645. This Court, citing *Andrews*, stated that revocation based solely on a single violation of the condition that the defendant remain drug-free was not sufficient. *Id*. Based on the record, the *Helms* court noted the defendant had been adequately

managed in the community for 18 months, and there was a "complete lack of evidence" that the defendant was a danger to a prior victim or the community. *Id.*

Witt argues that the revocation in *Helms* was ultimately deemed an abuse of discretion because it had resulted from a court-enforced zero-tolerance provision. However, as noted, the abuse of discretion ruling in *Helms* was based on more than just the zero-tolerance policy. In *Helms*, the circuit court merely parroted the statutory language with no indication of consideration of the evidence or of lesser sanctions. *Id.* Also, Witt had more than one single drug violation.

"If the [circuit] court had based its decision solely on [defendant's] violation of the condition that he remain drug-free, we would have had to deem that decision an abuse of discretion[.]" *Andrews*, 448 S.W.3d at 780. Here, the circuit court did not automatically revoke probation on the basis of a single violation of a zero-tolerance provision, but instead properly exercised its discretion by considering all the evidence in light of the KRS 439.3106 factors. The findings did not perfunctorily cite the statutory language in KRS 439.3106, but also included proof from the record established by a preponderance of the evidence as to how Witt violated the terms of his release and the statutory criteria for revocation. Also, this was not Witt's first violation, and the court had already given Witt a second chance when he was granted shock probation. The circuit court was not *required* to consider lesser sanctions. *See McClure v.*

*Commonwealth*, 457 S.W.3d 728, 732 (Ky. App. 2015). "Put another way, we will not hold a [circuit] court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *Id*. at 730 (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004)).

In *Kendrick*, we recently reviewed a similar appeal. 664 S.W.3d 731. In *Kendrick*, the probationer used illegal drugs, left Kentucky without authorization, and pled guilty to a new offense in Tennessee. *Id*. at 733. After a probation revocation hearing, the circuit court entered an order revoking probation and included findings that the probationer presented a significant risk to the community at large and could not be appropriately managed in the community. *Id*. at 734. On appeal, we held that where the statutory findings are expressly made *and* there is an adequate basis in the record to substantiate them, we will not find an abuse of discretion. *Id*. at 735.

Here, the record showed Witt violated his previous probation, absconded, and picked up new charges out of state. After receiving a second chance, Witt again violated by using illegal drugs. Similar to *Kendrick*, the order revoking Witt's probation noted he violated the terms of his probation by using controlled substances, failed to comply with the conditions of his supervision, constituted a significant risk to prior victims or the community at large, and he

could not be appropriately managed in the community. The court considered the record as a whole, noted Witt's repeated violations and additional charges, and did more than merely recite the statutory requirements. As the court made the required statutory findings *and* noted adequate basis in the record to substantiate them, we cannot find an abuse of discretion in Witt's probation revocation.

Accordingly, we AFFIRM the Bullitt Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stefanie Mundhenk
Danville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky